UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| MERYL SQUIRES CANNON, and<br>RICHARD KIRK CANNON, | )<br>)<br>) | |
| Plaintiffs, | )<br>) | No. 13 C 6589 |
| v. | )<br>) | Judge Sara L. Ellis |
| FOREST PRESERVE DISTRICT OF COOK<br>COUNTY, ILLINOIS; BMO HARRIS BANK,<br>N.A.; FEDERAL DEPOSIT INSURANCE<br>CORPORATION; BAYVIEW LOAN<br>SERVICING, LLC; and DOES 1 through 15; | )<br>)<br>)<br>)<br>)<br>) | |
| Defendants. | ) | |

## OPINION AND ORDER

Not satisfied with contesting the foreclosure of a farm in two separate state court actions, Plaintiffs Meryl Squires Cannon and Richard Kirk Cannon (collectively, the "Cannons") also filed suit in this Court. In this case, they have sued Defendants Forest Preserve District of Cook County, Illinois (the "FPD"); BMO Harris Bank, N.A. ("BMO"); the Federal Deposit Insurance Corporation ("FDIC"); Bayview Loan Servicing, LLC ("Bayview"); and unnamed defendants (Does 1–15), alleging that Defendants conspired to violate the Cook County Forest Preserve District Act (the "Act"), 70 Ill. Comp. Stat. 810/0.01 *et seq.* The Cannons seek both monetary and injunctive relief. The FPD filed a motion to dismiss [14], which BMO and Bayview have joined, and the FDIC filed a separate motion to dismiss [33]. Because the FDIC is not a proper party to this suit, it is dismissed with prejudice. Without the FDIC as a party, the Court lacks subject matter jurisdiction over the Cannons' claim and the complaint is dismissed. Additionally, because the Anti-Injunction Act bars the Cannons' requested injunctive relief, the Cannons are precluded from asserting claims for such injunctive relief in an amended complaint.

# BACKGROUND[1]

In December 2006, the Cannons, through two wholly-owned limited liability companies (the "LLCs"), purchased a farm in Barrington, Illinois. To finance the purchase, the LLCs executed a $14,500,000 mortgage loan agreement with Amcore Bank, N.A. ("Amcore"), which the Cannons personally guaranteed. After the loan matured and the Cannons did not refinance or pay it off, Amcore instituted foreclosure proceedings. Amcore failed in 2009, however, and its assets were taken over by the FDIC as receiver. The FDIC entered into an agreement with BMO, through which BMO acquired the mortgage and substituted in as the plaintiff in the foreclosure action.

Behind closed doors, BMO, Bayview, the FDIC, and Does 1-15 entered into an agreement with the FPD for the FPD to pay $14,000,000 for the mortgage with taxpayer funds. Because of the real estate market's collapse, however, the farm's value had fallen to $7,000,000. On June 27, 2013, the FPD executed and closed an assignment and assumption agreement with BMO, pursuant to which the FPD acquired certain documents related to the farm, including a mortgage note made by the LLCs in the amount of $14,500,000, the mortgage loan agreement, and the Cannons' personal guarantees. The FPD was thereafter substituted as the plaintiff in the foreclosure action. The FPD obtained a judgment of foreclosure and sale on August 30, 2013. On that same day, the Cannons, along with Todd Baker, filed a state court action against the FPD, the Board of the FPD, and BMO. In that action, the Cannons and Baker assert that the

---

[1] The facts in the background section are taken from the Cannons' complaint and exhibits attached thereto and are presumed true for the purpose of resolving the pending motions to dismiss. *See Virnich v. Vorwald*, 664 F.3d 206, 212 (7th Cir. 2011). The Court has also considered documents attached by Defendants that are referenced in the complaint and central to the Cannons' claim. *Hecker v. Deere & Co.*, 556 F.3d 575, 582–83 (7th Cir. 2009). This section additionally includes other facts submitted by the Cannons in their response to the motions to dismiss to the extent they are consistent with the allegations of the complaint. *Help at Home, Inc. v. Med. Capital, LLC*, 260 F.3d 748, 752–53 (7th Cir. 2001). Finally, the Court has taken judicial notice of matters of public record. *Gen. Elec. Capital Corp. v. Lease Resolution Corp.*, 128 F.3d 1074, 1080–81 (7th Cir. 1997).

FPD violated the Act. They seek to prevent foreclosure of the farm and to have the assignment and assumption agreement between the FPD and BMO rescinded.

## LEGAL STANDARD

A motion to dismiss under Rule 12(b)(1) challenges the Court's subject matter jurisdiction. Fed. R. Civ. P. 12(b)(1). The party asserting jurisdiction has the burden of proof. *United Phosphorus, Ltd. v. Angus Chem. Co.*, 322 F.3d 942, 946 (7th Cir. 2003), *overruled on other grounds by Minn-Chem, Inc. v. Agrium, Inc.*, 683 F.3d 845 (7th Cir. 2012). The standard of review for a Rule 12(b)(1) motion to dismiss depends on the purpose of the motion. *Apex Digital, Inc. v. Sears, Roebuck & Co.*, 572 F.3d 440, 443–44 (7th Cir. 2009). If a defendant challenges the sufficiency of the allegations regarding subject matter jurisdiction (a facial challenge), the Court must accept all well-pleaded factual allegations as true and draw all reasonable inferences in the plaintiff's favor. *See id.*; *United Phosphorus*, 322 F.3d at 946. If, however, the defendant denies or controverts the truth of the jurisdictional allegations (a factual challenge), the Court may look beyond the pleadings and view any competent proof submitted by the parties to determine if the plaintiff has established jurisdiction by a preponderance of the evidence. *See Apex Digital*, 572 F.3d at 443–44; *Meridian Sec. Ins. Co. v. Sadowski*, 441 F.3d 536, 543 (7th Cir. 2006).

A motion to dismiss under Rule 12(b)(6) challenges the sufficiency of the complaint, not its merits. Fed. R. Civ. P. 12(b)(6); *Gibson v. City of Chicago*, 910 F.2d 1510, 1520 (7th Cir. 1990). In considering a Rule 12(b)(6) motion to dismiss, the Court accepts as true all well-pleaded facts in the plaintiff's complaint and draws all reasonable inferences from those facts in the plaintiff's favor. *AnchorBank, FSB v. Hofer*, 649 F.3d 610, 614 (7th Cir. 2011). To survive a Rule 12(b)(6) motion, the complaint must not only provide the defendant with fair notice of a

claim's basis but must also be facially plausible. *Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S. Ct. 1937, 173 L. Ed. 2d 868 (2009); *see also Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555, 127 S. Ct. 1955, 167 L. Ed. 2d 929 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678.

## ANALYSIS

I.  **FDIC as a Party**

The FDIC argues that it is not a proper defendant to this case, contending that the FDIC's ability to sue and be sued contained in 12 U.S.C. § 1819(a) does not extend to allegations that the FDIC committed a tort. Absent a waiver, such as the FDIC's sue and be sued clause, sovereign immunity protects the federal government and its agencies from suit. *F.D.I.C. v. Meyer*, 510 U.S. 471, 475, 114 S. Ct. 996, 127 L. Ed. 2d 308 (1994). The Federal Tort Claims Act ("FTCA"), waives sovereign immunity for certain torts. *Id.* The Cannons' only claim, civil conspiracy, sounds in tort and thus falls under the FTCA to the extent it is alleged against the FDIC. *See Foodcomm Int'l v. Barry*, 463 F. Supp. 2d 818, 830 (N.D. Ill. 2006) ("Civil conspiracy is an intentional tort . . . ."); *Martinez v. United States*, 812 F. Supp. 2d 1052, 1061 (C.D. Cal. 2010) (plaintiff raised FTCA claim against US for civil conspiracy). But an action under the FTCA must be brought against the United States in its own name, not against the federal agency. *Meyer*, 510 U.S. at 476 ("If a suit is 'cognizable' under § 1346(b) of the FTCA, the FTCA remedy is 'exclusive' and the federal agency cannot be sued 'in its own name,' despite the existence of a sue-and-be-sued clause."). Because "[t]he only proper defendant in an FTCA action is the United States," *Jackson v. Kotter*, 541 F.3d 688, 693 (7th Cir. 2008), the FDIC must be dismissed from this case with prejudice.

Subject matter jurisdiction in this Court is premised on the presence of the FDIC as a defendant. *See* Compl. ¶ 11 (subject matter jurisdiction is based on 12 U.S.C. § 1819(b)(2)). The Cannons do not set forth—and the Court is unable to discern—any other basis for federal jurisdiction over the Cannons' state law claim of conspiracy. Having determined that the FDIC is not a proper defendant with respect to the Cannons' claim, the Court lacks subject matter jurisdiction over the remaining defendants and the entire complaint must be dismissed. In their response to the FDIC's motion to dismiss, however, the Cannons request leave to amend their complaint to name the United States as a defendant in place of the FDIC. The Court will provide the Cannons with this opportunity.

## II.     Anti-Injunction Act

Because the Court is providing the Cannons with leave to amend, it will also address their request that the Court enjoin Defendants from proceeding with efforts to foreclose on the farm. Such relief, and any other injunctive relief implicating the related state court proceedings, is barred by the Anti-Injunction Act, as the Court has previously found in denying the Cannons' requests for a temporary restraining order and preliminary injunction. Docs. 17 & 41. The Anti-Injunction Act prohibits a federal court from granting an injunction to stay proceedings in a state court "except as expressly authorized by Act of Congress, or where necessary in aid of its jurisdiction, or to protect or effectuate its judgments." 28 U.S.C. § 2283. None of the exceptions apply here. Although the Cannons argue that the "necessary in aid of jurisdiction" exception applies, this Court does not have *in rem* jurisdiction over the property at issue. *See Winkler v. Eli Lilly & Co.*, 101 F.3d 1196, 1202 (7th Cir. 1996) ("Ordinarily, the 'aid of jurisdiction' exception to the Anti-Injunction Act applies only to parallel state *in rem* rather than *in personam* actions."). Moreover, even if this were an *in rem* case, this Court could not enjoin the state court proceeding

5

because the state court obtained custody of the *res* first.  *Catuara v. Heavner Handegan Scott & Beyers*, No. 03 C 563, 2003 U.S. Dist. LEXIS 8027, at *6 (N.D. Ill. May 8, 2003).  The Cannons also argue that the relitigation exception applies, but that exception applies only to matters that have already been adjudicated.  *Id.* at *7.  Here, there has been no final adjudication or judgment that needs to be protected or effectuated.  Thus, the Anti-Injunction Act bars the Cannons' requests for injunctive relief, which are dismissed with prejudice.

## CONCLUSION

For the foregoing reasons, the Defendants' motions to dismiss [14, 33] are granted.  The FDIC is dismissed with prejudice.  The Cannons' requests for injunctive relief are dismissed with prejudice.  The Cannons' remaining requests for relief are dismissed without prejudice.  The Cannons are granted leave to file an amended complaint by May 16, 2014.

Dated: May 2, 2014

SARA L. ELLIS
United States District Judge